AO93 Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| In the Matter of the Search of:<br>Gray TCL Communications cell phone with IMEI 3592977500561326 found in the possession of MARTINEZ (A-1); Black Motorola Moto cell phone with a maroon cover found in the possession of MARTINEZ (A-2); Gray TCL Communications cell phone with IMEI 359297750063603 found in the possession of RUIZ (A-3); Black Samsung cell phone with a red and black cover found in the possession of RUIZ (A-4); Black Samsung Galaxy with a black and gray cover found in the possession of RUIZ (A-5); Black Samsung found in the possession of RUIZ (A-6); and Black POCO cell phone found in a 2015 black Jetta (A-7). | Case No.  23-9173 MB |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona:

**As further described in Attachment A.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

**As set forth in Attachment B.**

**YOU ARE COMMANDED** to execute this warrant on or before  3/24/2023  _(not to exceed 14 days)_
☐ in the daytime 6:00 a.m. to 10:00 p.m. ☒ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>any United States Magistrate Judge on criminal duty in the District of Arizona</u>.

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized ☐ for  30  days _(not to exceed 30)_ ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 3/10/2023 @ 3:36pm

_Judge's signature_ — ESWillett

City and state: Phoenix, Arizona

Honorable Eileen S. Willett, U.S. Magistrate Judge
_Printed name and title_

## ATTACHMENT A

*Property to be searched*

The property to be searched are seven cellular telephones:

A-1  Gray TCL Communications cell phone with IMEI 3592977500561326 found in possession of Oscar Ernesto MARTINEZ-Miranda ("MARTINEZ");

A-2  Black Motorola Moto cell phone with a maroon cover found in possession of MARTINEZ;

A-3  Gray TCL Communications cell phone with IMEI 359297750063603 found in possession of Jesus Alberto RUIZ-Reyes ("RUIZ");

A-4  Black Samsung cell phone with red and black cover found in possession of RUIZ;

A-5  Black Samsung Galaxy with black and gray cover found in possession of RUIZ;

A-6  Black Samsung found in possession of RUIZ;

A-7  Black POCO cell phone found in 2015 Black Jetta.

(Hereafter the "SUBJECT CELLULAR TELEPHONES")

The SUBJECT CELLULAR TELEPHONES are currently located at the Tempe Police Department main Station, 120 East 5th Street, Tempe, AZ 85281.

This warrant authorizes the forensic examination of the SUBJECT CELLULAR TELEPHONES for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

*Property to be seized*

1. Any records and information found within the digital contents of the SUBJECT CELLULAR TELEPHONES that relate to violations of 21 U.S.C. § 841 (Possession with Intent to Distribute a Controlled Substance), including:

   a. all information related to the sale, purchase, receipt, shipping, importation, transportation, transfer, possession, or use of drugs;

   b. all information related to buyers or sources of drugs (including names, addresses, telephone numbers, contact information, photographs, locations, or any other identifying information);

   c. all bank records, checks, credit card bills, account information, or other financial records reflecting the disposition of drug proceeds;

   d. all information regarding the receipt, transfer, possession, transportation, or use of drug proceeds;

   e. any information recording schedule or travel;

   f. evidence indicating the cellular telephone user's state of mind as it relates to the crime under investigation;

   g. contextual information necessary to understand the above evidence.

2. Any records and information found within the digital contents of the SUBJECT CELLULAR TELEPHONES showing who used or owned the device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, correspondence, photographs, and browsing history;

As used above, the terms "records" and "information" includes records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books,

contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the cellular telephone.

AO 106 Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| In the Matter of the Search of:<br>Gray TCL Communications cell phone with IMEI 3592977500561326 found in the possession of MARTINEZ (A-1); Black Motorola Moto cell phone with a maroon cover found in the possession of MARTINEZ (A-2); Gray TCL Communications cell phone with IMEI 359297750063603 found in the possession of RUIZ (A-3); Black Samsung cell phone with a red and black cover found in the possession of RUIZ (A-4); Black Samsung Galaxy with a black and gray cover found in the possession of RUIZ (A-5); Black Samsung found in the possession of RUIZ (A-6); and Black POCO cell phone found in a 2015 black Jetta (A-7) | Case No. 23-9173 MB |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

**As further described in Attachment A**

located in the District of Arizona, there is now concealed:

**As set forth in Attachment B.**

The basis for the search under Fed. R. Crim. P. 41(c) is:

☒ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code/Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Conspiracy to Distribute Controlled Substances |
| 21 U.S.C. § 841 | Possession with Intent to Distribute a Controlled Substance |

The application is based on these facts:

**See attached Affidavit of Special Agent Michael Chorzepa**

☒ Continued on the attached sheet.
☐ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by AUSA Ryan McCarthy
RYAN MCCARTHY  Digitally signed by RYAN MCCARTHY Date: 2023.03.10 13:44:48 -07'00'

Sworn telephonically and signed electronically.

Date: 3/10/2023 @ 3:36pm

City and state: Phoenix, Arizona

_/s/ M Chor_
*Applicant's Signature*

Michael Chorzepa, Drug Enforcement Administration SA
*Printed name and title*

_ESWillett_
*Judge's signature*

Honorable Eileen S. Willett, U.S. Magistrate Judge

## ATTACHMENT A

*Property to be searched*

The property to be searched are seven cellular telephones:

- A-1  Gray TCL Communications cell phone with IMEI 3592977500561326 found in possession of Oscar Ernesto MARTINEZ-Miranda ("MARTINEZ");
- A-2  Black Motorola Moto cell phone with a maroon cover found in possession of MARTINEZ;
- A-3  Gray TCL Communications cell phone with IMEI 359297750063603 found in possession of Jesus Alberto RUIZ-Reyes ("RUIZ");
- A-4  Black Samsung cell phone with red and black cover found in possession of RUIZ;
- A-5  Black Samsung Galaxy with black and gray cover found in possession of RUIZ;
- A-6  Black Samsung found in possession of RUIZ;
- A-7  Black POCO cell phone found in 2015 Black Jetta.

(Hereafter the "SUBJECT CELLULAR TELEPHONES")

The SUBJECT CELLULAR TELEPHONES are currently located at the Tempe Police Department main Station, 120 East 5th Street, Tempe, AZ 85281.

This warrant authorizes the forensic examination of the SUBJECT CELLULAR TELEPHONES for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

*Property to be seized*

1. Any records and information found within the digital contents of the SUBJECT CELLULAR TELEPHONES that relate to violations of 21 U.S.C. § 841 (Possession with Intent to Distribute a Controlled Substance), including:

    a. all information related to the sale, purchase, receipt, shipping, importation, transportation, transfer, possession, or use of drugs;

    b. all information related to buyers or sources of drugs (including names, addresses, telephone numbers, contact information, photographs, locations, or any other identifying information);

    c. all bank records, checks, credit card bills, account information, or other financial records reflecting the disposition of drug proceeds;

    d. all information regarding the receipt, transfer, possession, transportation, or use of drug proceeds;

    e. any information recording schedule or travel;

    f. evidence indicating the cellular telephone user's state of mind as it relates to the crime under investigation;

    g. contextual information necessary to understand the above evidence.

2. Any records and information found within the digital contents of the SUBJECT CELLULAR TELEPHONES showing who used or owned the device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, correspondence, photographs, and browsing history;

As used above, the terms "records" and "information" includes records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books,

contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the cellular telephone.

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

Your Affiant, Special Agent Michael Chorzepa, being first duly sworn, hereby deposes and states as follows:

### I. INTRODUCTION AND AGENT BACKGROUND

1. Your Affiant makes this Affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to examine the cellular telephones:

| | |
|---|---|
| A-1 | Gray TCL Communications cell phone with IMEI 3592977500561326 found in possession of Oscar Ernesto MARTINEZ-Miranda ("MARTINEZ"); |
| A-2 | Black Motorola Moto cell phone with a maroon cover found in possession of MARTINEZ; |
| A-3 | Gray TCL Communications cell phone with IMEI 359297750063603 found in possession of Jesus Alberto RUIZ-Reyes ("RUIZ"); |
| A-4 | Black Samsung cell phone with red and black cover found in possession of RUIZ; |
| A-5 | Black Samsung Galaxy with black and gray cover found in possession of RUIZ; |
| A-6 | Black Samsung found in possession of RUIZ; |
| A-7 | Black POCO cell phone found in 2015 Black Jetta. |

Further described in Attachment A (hereafter "SUBJECT CELLULAR TELEPHONES"), and in order to extract the electronically stored information set forth in Attachment B, which represent evidence and/or instrumentalities of the criminal violations further described below.

2. Your Affiant is a Special Agent with the Drug Enforcement Administration (DEA) and has been since April 2006. Your Affiant is currently a Special Agent in the Drug Enforcement Administration (DEA) assigned to the East Valley Drug Enforcement

Task Force (EVDETF) in Mesa, Arizona. EVDETF's mission is to target and dismantle drug trafficking organizations.

3. Your Affiant is a criminal investigator for the United States within the meaning of Title 21, United States Code, Section 878, and therefore is empowered to conduct investigations of, and make arrests for, the offenses enumerated in Title 21 and Title 18. Your Affiant has been employed as a Special Agent with the DEA Phoenix Field Division since June 2006.

4. At the onset of your Affiant's career as a special agent, your Affiant received 16 weeks of training at the DEA Academy in Quantico, Virginia. This training included in part: drug identification, the way in which controlled substances are packaged, marketed, and consumed, drug testing, informant handling, evidence handling, search and seizure law, law involving conspiracy, and surveillance and investigative techniques. Your Affiant also received additional training related to methods used by DTOs to legitimize proceeds from the sale of illicit drugs and the means that organizations employ to conceal proceeds of drug trafficking activity. In addition, your Affiant has attended training specific to wiretap investigations and has attended the Department of Justice's Basic Telecommunications Exploitation Program training. Further, your Affiant has attended numerous Arizona Narcotic Officers Association seminars where your Affiant attended a variety of drug investigation-focused classes. Reinforcing what your Affiant learned in the classroom, your Affiant received on-the-job training from supervisors, senior agents and detectives regarding the manner in which drugs are trafficked. Your Affiant has utilized a variety of investigative techniques and resources, including physical and electronic surveillance, court-authorized wire intercepts, and informants.

5. Your Affiant has participated in no less than 50 investigations involving drug trafficking. Your Affiant was the case agent no less than 25 of those drug-related cases. Ten of the 25 were complex conspiracy cases involving wiretap investigations. During

these drug investigations, your Affiant controlled nine informants and has conducted no less than 200 interviews of drug offenders, potential informants, informants controlled by other law enforcement officers, or citizens with drug-related information. Your Affiant has worked in an undercover capacity, during which your Affiant used a telephone to negotiate the purchase of cocaine. Your Affiant has participated as a case agent in four federal and six state wiretap investigations that have resulted in the seizure of drugs and drug proceeds, as well as the arrest of drug traffickers. During these investigations, your Affiant has authored or co-authored multiple wiretap affidavits. Your Affiant was a supporting investigator in four federal and three state wiretap investigations. As an investigator in these wiretaps, your Affiant conducted physical and electronic surveillance, post-arrest interviews, toll analysis, authored search warrants, supervised surveillance teams, and supervised the wiretap line monitors.

6. The facts contained in this Affidavit are based in part on information provided to your Affiant by other law enforcement officers, either directly or indirectly through their reports or affidavits; surveillance conducted by law enforcement officers; intercepted calls and/or text messages; information provided by confidential sources; and analysis of telephone toll records. Your Affiant also relies on my own experience, training, and background in evaluating this information.

7. Based upon your Affiant's training and experience in these investigations, your Affiant has become familiar with the methods used by traffickers to smuggle and safeguard drugs, to distribute drugs, to manufacture drugs, and to collect and launder drug proceeds. Your Affiant's knowledge of these tactics, which includes the utilization of cellular telephone technology, counter surveillance, smuggling schemes tied to legitimate businesses, false or fictitious identities and communication and/or conversations with intentional word substitution, has been relevant to these investigations. Your Affiant knows, based on training and experience, that members of these organizations are known

to utilize communications facilities, including cellular telephones, to communicate operational directives and information concerning the conduct of the organization's illegal activities to other organization members. During the course of these wire and electronic communications, your Affiant knows, based on training and experience, that organization members routinely utilize cryptic, slang, and vague terminology in an effort to elude law enforcement detection. Your Affiant knows that the communication of time sensitive information is critical to the organization's ability to successfully conduct illegal activities. The critical nature of this information stems from the necessity of the organizations' management to provide direction for the importation and distribution of drugs, as well as the subsequent laundering of the proceeds of those illegal activities

8. By virtue of his training and experience, Your Affiant is familiar with the techniques that drug traffickers employ to conduct their illegal activities, including the use of multiple vehicles, counter surveillance techniques, prepaid and disposable cellular telephones, encrypted messaging applications, and the use of fictitious identities by traffickers to avoid detection by law enforcement.

9. The statements contained in this Affidavit are based on information derived from your Affiant's personal knowledge, training and experience; information obtained from the knowledge and observations of other sworn law enforcement officers, either directly or indirectly through their reports or affidavits; surveillance conducted by law enforcement officers; information provided by a confidential source; controlled purchases of drugs; analysis of telephone records.

10. Because this Affidavit is being submitted for the limited purpose of establishing probable cause for the requested warrant, your Affiant has not set forth all of the relevant facts known to law enforcement officers.

**II.    BASIS FOR PROBABLE CAUSE**

11.     On March 2, 2023, East Valley Drug Enforcement Task Force ("EVDETF") investigators were conducting surveillance on Oscar Ernesto MARTINEZ-Miranda ("MARTINEZ") and Jesus Alberto RUIZ-Reyes ("RUIZ") at the Winding Creek Apartments in Phoenix, Arizona. An investigator observed MARTINEZ and RUIZ leave from an apartment which was later determined to be Apartment 206, at 2501 West Ocotillo Road, Phoenix, Arizona. The investigator observed that MARTINEZ carried a black bag and RUIZ carried a plastic grocery bag as they walked from the apartment towards the parking area. Both entered a 2015 black Volkswagen Jetta that was parked at the complex. MARTINEZ entered as the driver and RUIZ entered as the front passenger.

12.     Members of the EVDETF with assistance from Apache Junction Police Department followed the black Jetta as it drove away from the apartment complex.

13.     After observing a traffic violation, a State of Arizona peace officer attempted to stop the black Jetta. The state officer was driving an unmarked law enforcement vehicle that had lights and sirens. The black Jetta however would not stop and investigators continued to surveil the vehicle. After the black Jetta went down a dead-end street, the vehicle stopped at end of the street in the area of 2000 West Stella Lane, Phoenix. After the vehicle stopped, both MARTINEZ and RUIZ fled from vehicle on foot. Both were arrested shortly after fleeing from the vehicle. A firearm was recovered from the area that both fled. After their arrest, MARTINEZ and RUIZ declined to make statements to EVDETF investigators.

14.     During a search of the black Jetta, investigators observed the two bags that MARTINEZ and RUIZ had carried from the apartment were on the rear passenger floor boards. MARTINEZ's black bag was behind the driver's seat and RUIZ's grocery bag was behind the passenger's seat. The black bag that MARTINEZ was carrying contained packages of a white crystalline substance wrapped in brown paper weighing approximately 13 kilograms. The plastic grocery bag that was carried by RUIZ contained similarly

5

wrapped packages of a white crystalline substance weighing approximately 1.2 kilograms. The substance was later field tested as positive for methamphetamine.

15. During the arrest of MARTINEZ investigators seized two cellular telephones from MARTINEZ's person: a gray TCL Communications cell phone with IMEI 3592977500561326 (**A-1**) and a black Motorola Moto cell phone with a maroon cover (**A-2**).

16. During the arrest of RUIZ, investigators seized four cellular telephones from RUIZ's person: a gray TCL Communications cell phone with IMEI 359297750063603 (**A-3**), a black Samsung cell phone with a red and black cover (**A-4**), a black Samsung Galaxy with a black and gray cover (**A-5**), and a black Samsung (**A-6**).

17. Inside the black Jetta, on the center console, investigators seized a seventh cellular telephone, a black POCO cell phone (**A-7**).

18. MARTINEZ was found in possession of an apartment key at the Winding Creek Apartment complex. Investigators went back to the complex and spoke with the apartment manager who confirmed the apartment key belonged to Apartment 206. Apartment 206 is located in the same breezeway where MARTINEZ and RUIZ were initially observed walking from the complex to the Jetta. Investigators obtained a search warrant for Apartment 206. During the search, investigators located approximately 38 kilograms of methamphetamine, one kilogram of heroin, 1.3 kilograms of cocaine located in two large suitcases located in the closet of the one of the bedrooms. The methamphetamine was packaged in the same way that the methamphetamine was located in the duffle bag in the vehicle. The drugs were all field tested as positive for methamphetamine, heroin, and cocaine. Agents also found a notebook with writing in Spanish that appeared to be a drug ledger located in the closet of the other bedroom.

19. SUBJECT CELLULAR TELEPHONES were initially seized by the Drug Enforcement Administration (DEA). DEA transferred custody of SUBJECT CELLULAR

TELEPHONES to Tempe Police Department ("TPD"). SUBJECT CELLULAR TELEPHONES are currently in storage at the TPD main station. In my training and experience, I know that SUBJECT CELLULAR TELEPHONES has/have been stored in a manner in which the contents are, to the extent material to this investigation, in substantially the same state as they were when SUBJECT CELLULAR TELEPHONES first came into the possession of the DEA.

### III. ITEMS TO BE SEIZED

24. Based upon the facts contained in this Affidavit, your Affiant submits there is probable cause to believe that the items listed in Attachment B will be found in the contents of the SUBJECT CELLULAR TELEPHONES.

25. Based on my training, education, and experience, and discussions with other trained law enforcement personnel, along with information provided by sources of information and confidential sources, your Affiant knows the following:

   a. Drug traffickers commonly use cellular telephones to communicate with other drug traffickers and customers about drug-related activities through the use of telephone calls, text messages, email, chat rooms, social media, and other internet- and application-based communication forums. Moreover, drug traffickers commonly use other capabilities of cellular telephones to further their drug trafficking and money laundering activities. Therefore, evidence related to drug trafficking activity and money laundering activity is likely to be found on the SUBJECT CELLULAR TELEPHONES.

26. In addition to items which may constitute evidence and/or instrumentalities of the crimes set forth in this Affidavit, your Affiant also requests permission to seize any articles tending to establish the identity of persons who have dominion and control over the SUBJECT CELLULAR TELEPHONES.

### IV. DIGITAL EVIDENCE STORED WITHIN A CELLULAR TELEPHONE

7

27.   As described in Attachment B, this application seeks permission to search for records and information that might be found in the contents of the SUBJECT CELLULAR TELEPHONES. Thus, the warrant applied for would authorize the copying of electronically stored information under Rule 41(e)(2)(B).

28.   *Probable cause.* Your Affiant submits that there is probable cause to believe records and information relevant to the criminal violations set forth in this Affidavit will be stored on the SUBJECT CELLULAR TELEPHONES for at least the following reasons:

a.   Your Affiant knows that when an individual uses a cellular telephone, the cellular telephone may serve both as an instrumentality for committing the crime and also as a storage medium for evidence of the crime. The cellular telephone is an instrumentality of the crime because it is used as a means of committing the criminal offense. The cellular telephone is also likely to be a storage medium for evidence of crime. From my training and experience, your Affiant believes that a cellular telephone used to commit a crime of this type may contain: data that is evidence of how the cellular telephone was used; data that was sent or received; notes as to how the criminal conduct was achieved; records of Internet discussions about the crime; and other records that indicate the nature of the offense.

b.   Based on my knowledge, training, and experience, your Affiant knows that cellular telephones contain electronically stored data, including, but not limited to, records related to communications made to or from the cellular telephone, such as the associated telephone numbers or account identifiers, the dates and times of the communications, and the content of stored text messages, e-mails, and other communications; names and telephone numbers stored in electronic "address books;" photographs, videos, and audio files; stored dates, appointments, and other information on personal calendars; notes, documents, or text files; information that has been accessed and downloaded from the Internet; and global positioning system ("GPS") information.

c. Based on my knowledge, training, and experience, your Affiant knows that electronic files or remnants of such files can be recovered months or even years after they have been downloaded onto a cellular telephone, deleted, or viewed via the Internet. Electronic files downloaded to a cellular telephone can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a cellular telephone, the data contained in the file does not actually disappear; rather, that data remains on the cellular telephone until it is overwritten by new data.

d. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the cellular telephone that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a cellular telephone's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

29. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronic files that might serve as direct evidence of the crimes described on the warrant, but also for forensic electronic evidence that establishes how the cellular telephone was used, the purpose of the use, who used it, and when. There is probable cause to believe that this forensic electronic evidence will be found in the contents of the SUBJECT CELLULAR TELEPHONES because:

a. Data in a cellular telephone can provide evidence of a file that was once in the contents of the cellular telephone but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b. As explained herein, information stored within a cellular telephone may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove

9

each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, information stored within electronic storage medium (e.g., registry information, communications, images and movies, transactional information, records of session times and durations, internet history, and anti-virus, spyware, and malware detection programs) can indicate who has used or controlled the cellular telephone. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. The existence or absence of anti-virus, spyware, and malware detection programs may indicate whether the cellular telephone was remotely accessed, thus inculpating or exculpating the owner. Further, activity on a cellular telephone can indicate how and when the cellular telephone was accessed or used. For example, as described herein, cellular telephones can contain information that log: session times and durations, activity associated with user accounts, electronic storage media that connected with the cellular telephone, and the IP addresses through which the cellular telephone accessed networks and the internet. Such information allows investigators to understand the chronological context of cellular telephone access, use, and events relating to the crime under investigation. Additionally, some information stored within a cellular telephone may provide crucial evidence relating to the physical location of other evidence and the suspect. For example, images stored on a cellular telephone may both show a particular location and have geolocation information incorporated into its file data. Such file data typically also contains information indicating when the file or image was created. The geographic and timeline information described herein may either inculpate or exculpate the user of the cellular telephone. Last, information stored within a cellular telephone may provide relevant insight into the user's state of mind as it relates to the offense under investigation. For example, information within a computer may indicate the owner's motive and intent to commit a crime (e.g., internet searches indicating criminal planning), or consciousness of guilt (e.g., running a "wiping" program to destroy evidence

on the computer or password protecting/encrypting such evidence in an effort to conceal it from law enforcement).

    c. A person with appropriate familiarity with how a cellular telephone works can, after examining this forensic evidence in its proper context, draw conclusions about how the cellular telephone was used, the purpose of its use, who used it, and when.

    d. The process of identifying the exact files, blocks, registry entries, logs, or other forms of forensic evidence on a cellular telephone that are necessary to draw an accurate conclusion is a dynamic process. While it is possible to specify in advance the records to be sought, cellular telephone evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on one cellular telephone is evidence may depend on other information stored on that or other storage media and the application of knowledge about how electronic storage media behave. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

    e. Further, in finding evidence of how a cellular telephone was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium. For example, the presence or absence of counter-forensic programs or anti-virus programs (and associated data) may be relevant to establishing the user's intent.

  30. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant your Affiant is applying for would permit imaging or otherwise copying the contents of the SUBJECT CELLULAR TELEPHONES, including the use of computer-assisted scans.

### V. CONCLUSION

  31. Your Affiant submits there is probable cause to believe that the items listed in Attachment B, which constitute evidence and/or instrumentalities of violations of 21

U.S.C. § 841 (Possession with Intent to Distribute a Controlled Substance), are likely to be found in the contents of the SUBJECT CELLULAR TELEPHONES further described in Attachment A.

_____
SPECIAL AGENT MICHAEL CHORZEPA
Drug Enforcement Administration

10

Subscribed electronically and sworn telephonically on this _____ day of March, 2023.

_____
HONORABLE EILEEN S. WILLETT
United States Magistrate Judge

12